IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VERANIO S. TONGSON, JEFFREY JAVIER, KIM S. NEMOTO, | ) ) ) | Civ. No. 05-00683 SOM/LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER STRIKING TONGSON'S DECLARATION OF NOVEMBER 30, 2006 |
| COUNTY OF MAUI, DEPARTMENT OF HOUSING AND HUMAN CONCERNS; DIRECTOR ALICE LEE, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; PROGRAM SPECIALIST WENDY STEBBINS, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; JOHN DOES 1-20; DOE ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER STRIKING TONGSON'S DECLARATION OF NOVEMBER 30, 2006

On November 30, 2006, at the hearing on Defendants' motions for summary judgment, the court invited Plaintiffs to submit a supplemental memorandum addressing certain issues.  In response, Plaintiffs filed a second supplement to their opposition memoranda ("Second Supplement").  Attached to that document is a new declaration of Veranio S. Tongson, dated November 30, 2006.  The court strikes that declaration.

At the hearing, the court explained that despite (or because of) the volume or paper before the court, it was difficult to ascertain the details of each and every basis for Plaintiffs' claims.  In the hope of clarifying those bases, the court, before the hearing, sent the attorneys a list of specific

questions that they should respond to at the hearing. Included in the list were inquiries about the factual bases of Plaintiffs' claims. Plaintiffs responded by submitting new declarations of themselves before the hearing. Questioned by the court, Plaintiffs' counsel agreed that the court could find the factual bases in Plaintiffs' original declarations (attached to their opposition memoranda), Plaintiffs' supplemental declarations (attached to their First Supplement to their opposition memorandum), and Exhibit 2 (attached to Tongson's opposition memorandum). To ensure that the court did not overlook any other evidence, the court invited Plaintiffs to submit a supplemental memorandum by that afternoon, pointing to any and all evidence that is already in the record regarding the details of each Count. Plaintiffs submitted their Second Supplement, but did not point the court to any evidence in the record. Rather, they attached Tongson's new post-hearing declaration. Because the court did not invite this evidence, because it is untimely, and because the post-hearing submission raises issues that Defendants have no opportunity to address, the court strikes it for purposes of the pending summary judgment motions.

     As Plaintiffs chose not to point the court to any other evidence regarding the basis for each Count, the court will refer only to the evidence Plaintiffs previously pointed the court to: (1) Plaintiffs' original declarations (attached to their

opposition memoranda); (2) Plaintiffs' supplemental declarations (attached to their First Supplement); and (3) Exhibit 2 (attached to Tongson's opposition memorandum).

If, after the court issues its order addressing the merits of Defendants' motions, Plaintiffs believe that the court's ruling would have been different had the court considered other evidence in the record or Tongson's stricken declaration, Plaintiffs may move for reconsideration of that order within the time frame provided for in the Local Rules. However, if Plaintiffs seek reconsideration on these points, they risk being sanctioned unless they explain:  (1) why they could not earlier point to any other evidence in the record; and (2) why Tongson's stricken declaration could not have been submitted earlier, either in direct response to Defendants' motions or to the Inclination, or at the hearing.

In striking Tongson's most recent declaration, the court is ruling that it will not consider the most recent declaration in deciding the present motions.  However, the court is not precluding the parties' use of the most recent declaration in other respects.  For example, Plaintiffs may resubmit the declaration with a reconsideration motion (with the necessary

explanation as to delay), and Defendants may use the declaration for impeachment purposes.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 1, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Tongson, et al. v. County of Maui, et al.**, **Civ. No. 05-00683 SOM/LEK; ORDER STRIKING TONGSON'S DECLARATION OF NOVEMBER 30, 2006.**