IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VERANIO S. TONGSON, JEFFREY JAVIER, KIM S. NEMOTO, | ) ) ) | Civ. No. 05-00683 SOM/LEK |
| Plaintiffs, | ) ) ) | ORDER GRANTING IN PART AND |
| vs. | ) ) | DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION AND |
| COUNTY OF MAUI, DEPARTMENT OF HOUSING AND HUMAN CONCERNS; DIRECTOR ALICE LEE, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; PROGRAM SPECIALIST WENDY STEBBINS, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; JOHN DOES 1-20; DOE ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) | CLARIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |
| Defendants. | ) ) ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR RECONSIDERATION AND CLARIFICATION
OF ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

I.      INTRODUCTION AND BACKGROUND.

        In the order filed on December 15, 2006 ("Order"), this

court granted in part and denied in part motions for summary

judgment brought by Defendants County of Maui Department of

Housing and Human Concerns ("the County"), Alice Lee ("Lee"), and

Wendy Stebbins ("Stebbins") (collectively, "Defendants").  The

Order denied summary judgment on several claims asserted by

Plaintiffs Jeffrey Javier ("Javier"), Veranio S. Tongson, Jr.

("Tongson"), and Kim S. Nemoto ("Nemoto") (collectively,

"Plaintiffs"), including:  (1) Javier's claim for retaliation by

the County and Lee (in her official capacity) in violation of the

First Amendment of the United States Constitution (Count 1);

(2) Javier's claim for violation of the Hawaii Whistleblowers'

Protection Act ("the HWPA"), Haw. Rev. Stat. § 378-62, by the

County and Lee (in her official capacity) (Count 2); and

(3) Tongson's claim for intentional infliction of emotional

distress ("IIED") against the County (Count 4).

On December 22, 2006, Defendants filed a motion for

reconsideration and clarification, asking the court to dismiss

all of the remaining claims because "they are no longer viable."

Defendants address each of Plaintiffs claims, contending that

"Plaintiffs have not alleged sufficient facts to support their

claims."  Regarding Javier's claim for retaliation under the

First Amendment (Count 1) and under the HWPA (Count 2),

Defendants argue that, because "[t]he Court ruled that only acts

of retaliation which occurred between October 27, 2003 and May

12, 2004 remain," Javier's claims must be dismissed, as "Javier

does not allege any acts of retaliation during this time period."

Motion at 3.  With respect to Tongson's IIED claim against the

County (Count 4), Defendants note that the court denied summary

judgment to the extent that the claim is based on "violations of

Haw. Rev. Stat. § 378-2."  Pointing out that this court granted

summary judgment on Tongson's claim against the County for

violation of Haw. Rev. Stat. § 378-2 (Count 8), Defendants ask

the court to grant summary judgment on Tongson's IIED claim

against the County.  Defendants alternatively "request the

2

opportunity to file a motion for summary judgment on the remaining claims."  The court grants in part and denies in part Defendants' motion.

II.        LEGAL STANDARD.

Defendants bring the present motion under Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 60.1.  Rule 59(e) is inapplicable here, as Rule 59(e) applies to final judgments.  See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 466-67 (9th Cir. 1989) ("Rule 59(e) clearly contemplates entry of judgment as a predicate to any motion.").  The court therefore proceeds only under Local Rule 60.1.

Local Rule 60.1 is based on Ninth Circuit law providing that a successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason why the court should reconsider its prior decision.  Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Id.  Courts have established three grounds justifying reconsideration:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Galiher, 60 F. Supp. 2d at 1059.  The District of

Hawaii has implemented these standards in Local Rule 60.1, which states:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)  Discovery of new material facts not previously available;
>
> (b)  Intervening change in law;
>
> (c)  Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

"Whether or not to grant reconsideration is committed to the sound discretion of the court."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003)).

III.   ANALYSIS.

A.   The Court Grants Summary Judgment on Javier's Claims for Retaliation by the County and Lee.

Defendants argue that they are entitled to summary judgment on Javier's claims for retaliation under the First Amendment (Count 1) and the HWPA (Count 2).  Noting that the court limited Javier's retaliation claims to those that accrued between October 27, 2003, and May 12, 2004, Defendants contend that "Javier does not allege any acts of retaliation during this time period."  The court agrees.

4

In the Order, the court granted summary judgment on Javier's claims for retaliation to the extent they were "based on allegedly retaliatory acts occurring before October 27, 2003, or after May 12, 2004."  Order at 7.  In other words, only claims based on retaliatory acts that occurred between those dates survived summary judgment.  The court did not, however, determine whether Javier actually alleged that he was subjected to any retaliatory act between October 27, 2003, and May 12, 2004.

In determining whether Javier alleged any retaliatory act during the above dates, the court looks to Javier's declarations attached to his memorandum in opposition to Defendants' motion for summary judgment and to his first supplement to that opposition memorandum.  See Order Striking Tongson's Declaration of November 30, 2006 (12/1/2006) at 2-3 (noting that, for purposes of Defendants' motions for summary judgment, "the court will refer only to evidence Plaintiffs' previously pointed the court to:  (1) Plaintiffs' original declarations (attached to their opposition memorandum); (2) Plaintiffs' supplemental declarations (attached to their First Supplement); and (3) Exhibit 2 (attached to Tongson's opposition memorandum)").  Nowhere in those documents does Javier allege a single retaliatory act between October 27, 2003, and May 12, 2004.  Because his retaliation claims under the First Amendment and the HWPA are not based on any retaliatory act that

occurred between those dates, the court grants summary judgment in favor of Defendants on Javier's retaliation claims.

> B.   The Court Grants Summary Judgment on Tongson's
>       Claim for IIED against the County.

In the Order, the court limited Tongson's IIED claim against the County to bases "that relate to violations of Haw. Rev. Stat. § 378-2 and are based on events occurring between October 27, 2003, and May 12, 2004."  Order at 4, 38.  Defendants now point out, "There are no claims under H.R.S. § 378-2 which occurred during that period of time and therefore, the IIED claim against the County must be dismissed."  Motion at 24.  The court agrees.

Not only did the Order limit Tongson's IIED claim to bases "that relate to his retaliation claims under Haw. Rev. Stat. § 378-2," the Order also granted summary judgment in favor of Defendants on Count 8, in which Tongson alleged violations of Haw. Rev. Stat. § 378-2.  Order at 38, 51-54.  Additionally, Tongson "withdrew his gender discrimination claim against the County under Haw. Rev. Stat. § 378-2."  Order at 2 n.3.  Because there is no longer any claim for violation of Haw. Rev. Stat. § 378-2 before the court, and because Tongson's IIED claim against the County is limited to emotional distress relating to violations of § 378-2, the court grants summary judgment in favor of the County on this claim.

C.   Defendants' Remaining Arguments.

In addressing the remaining claims, Defendants present
arguments and evidence that could have been raised in their
motions for summary judgment.  Nowhere do Defendants even attempt
to explain why they could not have raised these arguments or
evidence before the court ruled on their motions for summary
judgment.

The court well recalls that, in preparing their motions
for summary judgment, Defendants twice asked the court for
permission to file supporting memoranda in excess of thirty
pages.  The court, "under the mistaken impression that Defendants
were bringing a single, composite motion against all of
Plaintiffs' claims," granted Defendants' first request on
September 20, 2006.  On September 26, 2006, Defendants again
moved the court, asking for permission to file another lengthy
supporting memorandum.  The court denied that request, stating
that it "would not have granted that [first request] had it known
that Defendants intended to file two motions, one forty-eight
pages in length and the other forty-five pages in length."  As
Defendants filed a forty-eight page memorandum regarding Nemoto's
and Javier's claims and a thirty-six page memorandum regarding
Tongson's claims, Defendants had more than enough space in their
supporting memoranda to present the arguments and evidence they
now raise in their motion for reconsideration.  The court also
notes that Defendants spent much of their space arguing the

7

absence of factual disputes that clearly did exist.  Defendants

fail to explain why they could not have presented these arguments

or evidence earlier, and their present motion is improper.  See

Haw. Stevedores, Inc. v. HT&T Co., 363 F. Supp. 2d 1253, 1269 (D.

Haw. 2005) ("reconsideration may not be based on evidence and

legal arguments that could have been presented at the time of the

challenged decision").

> D.    Any Request to File Future Dispositive Motions
>        Must Be Presented to the Magistrate Judge.

Defendants argue, "if this Court denies Defendants'

request to reconsider the Order, Defendants request the

opportunity to file a motion for summary judgment on the

remaining claims."  Motion at 2.  That request is denied without

prejudice.

According to the Amended Rule 16 Scheduling Order filed

on July 6, 2006, all dispositive motions were to be filed by

September 27, 2006.  Because the deadline for filing dispositive

motions has passed, if either party seeks to file further

dispositive motions, any such request must be presented to the

Magistrate Judge, as well as any request to continue the trial.

Trial is currently set for February 27, 2007, and the court

authorizes the Magistrate Judge to change the trial date, even if

any change occurs within thirty days of February 27, 2007.  The

court is not, however, thereby suggesting that any party should

be granted leave to file further dispositive motions or that the

trial should be continued.  Those are decisions left to the
Magistrate Judge.

IV.      CONCLUSION.

        The court grants in part and denies in part Defendants'
motion.  This order leaves the following claims for future
adjudication:  (1) certain retaliation claims by Tongson and
Nemoto against the County, and by Nemoto against Lee in her
official capacity, under 42 U.S.C. § 1983 based on the First
Amendment and under the HWPA; (2) certain IIED claims by Tongson,
Nemoto, and Javier against Lee in her individual capacity, and
IIED claims by Tongson against Stebbins in her individual
capacity; (3) Tongson's claim against the County for breach of
implied contract; and (4) punitive damage claims against the
individual Defendants.

                    IT IS SO ORDERED.

                    DATED:  Honolulu, Hawaii, January 26, 2007.


                    /s/ Susan Oki Mollway
                    _____
                    Susan Oki Mollway
                    United States District Judge


**Tongson, et al. v. County of Maui, et al.**, Civ. No. 05-00683 SOM/LEK; ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION
AND CLARIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT.