IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VERANIO S. TONGSON, et al., | ) | Civ. No. 05-00683 BMK |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION FOR RECONSIDERATION |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court is a motion for reconsideration filed by Plaintiffs Veranio S. Tongson ("Tongson"), Jeffrey Javier ("Javier"), and Kim S. Nemoto ("Nemoto") (collectively, "Plaintiffs"). This motion, filed July 18, 2007, is titled "Plaintiffs' Motion for Reconsideration of Order Dated 12/1/06 – Order is Now Void as a Matter of Law." Its unfortunate title notwithstanding, it is apparent that Plaintiffs' motion actually seeks reconsideration of the Court's order of December 15, 2006, which granted Defendants partial summary judgment on a number of claims, and not reconsideration of the Court's order of December 1, 2006, which struck Tongson's declaration of November 30, 2006. After careful consideration of the motion, the supporting and opposing memoranda, and the relevant statutes and case law, Plaintiffs' motion for reconsideration is hereby GRANTED.

PROCEDURAL HISTORY

Plaintiffs filed their original Complaint on October 27, 2005, naming as Defendants the County of Maui Department of Housing and Human Concerns ("the County"), Alice Lee ("Lee"), and Wendy Stebbins ("Stebbins") (collectively, "Defendants"). On April 4, 2006, Plaintiffs filed their First Amended Complaint ("FAC"). Among the various claims asserted by Plaintiffs were claims for First Amendment retaliation, brought via 42 U.S.C. § 1983, as well as claims for violation of the Hawaii Whistleblowers' Protection Act ("HWPA"), Haw. Rev. Stat. § 378-62.

In its order of December 15, 2006, granting Defendants partial summary judgment ("December 15 Order"), the Court severely limited Plaintiffs' ability to proceed with these two sets of claims. First, the Court ruled that any § 1983 claims would be limited to tortious conduct that occurred between October 27, 2003, and May 12, 2004. In determining this window, the Court looked to Haw. Rev. Stat. § 46-72, which provides that:

> [b]efore the county shall be liable for damages to any person for injuries to person . . . received upon any . . . public places of the county, or on account of any negligence of any official or employee of the county, the person so injured . . . shall, within six months after the injuries are received, give the chairperson of the council of the county . . . notice in writing of the injuries and the specific damages resulting, stating fully in the notice when, where, and how the injuries occurred, the extent thereof, and the amount claimed therefor.

Haw. Rev. Stat. § 46-72.  This statute, although it remained on the books, had long been deemed by the Hawaii Supreme Court to have been superceded by Haw. Rev. Stat. § 662-4, the two-year statute of limitations governing tort claims against the State of Hawaii.  See Salavea v. City & County of Honolulu, 55 Haw. 216, 221 (Haw. 1973).  On May 12, 2004, however, the Hawaii Supreme Court changed course and overruled Salavea in Kahale v. City & County of Honolulu, 104 Haw. 341, 347-48 (2004) (finding that § 46-72 "is the statute of limitations applicable to actions against the counties," but emphasizing that the holding was "prospective only and applies to all claims for relief accruing after the date of this opinion").

Thus, pursuant to Kahale, the Court limited Plaintiffs' § 1983 claims to any tortious conduct that occurred between October 27, 2003 and May 12, 2004.  Any claims based on conduct that took place before October 27, 2003 were barred by § 662-4, and any conduct that took place after the filing date of Kahale on May 12, 2004, were barred by Plaintiffs' failure to report any tortious conduct to the County.

The Court then applied this same window to Plaintiffs' HWPA claims.  The Court ruled that because the HWPA claims against the County and the County's employees sounded in tort, they too were subject to the notice requirements of § 46-72 and Kahale.  Accordingly, the Court granted Defendants

summary judgment with respect to all § 1983 and HWPA claims that Plaintiffs asserted based on tortious conduct that occurred before October 27, 2003, or after May 12, 2004. Plaintiffs now ask that the Court reconsider this order.

## STANDARD OF REVIEW

Motions for reconsideration may only be brought if there has been (1) "[d]iscovery of new material facts not previously available," (2) "[i]ntervening changes in law," or (3) a "[m]anifest error of law or fact." Local R. 60.1. Where a party seeks reconsideration on the grounds that there has been a manifest error of law, the motion for reconsideration must be filed within ten days of the order for which reconsideration is sought. Id. Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F.Supp. 1572, 1573 (D. Haw. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

I. RECONSIDERATION

Plaintiffs seek reconsideration of the December 15 Order on the ground that a recent decision by another judge in this district regarding the

applicability of § 46-72 to § 1983 claims constitutes an "intervening change[] in law" under Local Rule 60.1.  In Sadri v. Ulmer, No. 06-00430 ACK-KSC, 2007 WL 869192 (D. Haw. Mar. 21, 2007), Judge Kay explicitly found that Haw. Rev. Stat. § 46-72 did not apply to § 1983 claims brought against the County of Maui. Sadri, 2007 WL 869192, at *3.  Rather, Judge Kay found that even after Kahale, the general two-year tort statute of limitations was the applicable statue of limitations for all § 1983 actions, regardless of whether they were against the county or the state.  Id.  In reaching this conclusion, Judge Kay recognized the Supreme Court's mandate that courts should "borrow and apply to *all* § 1983 claims the *one* most analogous state statute of limitations."  Id. (quoting Owens v. Ukure, 488 U.S. 235, 240 (1989)).

   This Court agrees with Judge Kay's ruling in Sadri.  While Judge Kay's order in a different case does not, as Plaintiffs assert, render void the Court's December 15 Order in this case, the Court recognizes that Judge Kay's ruling changed the legal landscape in this district regarding § 1983 claims against the counties and their officers.  The Court finds that this change in the legal landscape, at least in this particular instance, is sufficient to constitute an "intervening

change[] in law," Local R. 60.1.[1]

Defendants argue that Plaintiffs waived their right to request reconsideration on this issue because the case law on which the Sadri decision is based existed prior to the briefing and arguments that resulted in the Court's December 15 Order, so Plaintiffs could have made these same arguments at that time, but failed to do so. While Defendants are correct that Plaintiffs could have, and probably should have, made these arguments at a more appropriate time, the Court does not find that Plaintiffs waived their right to request reconsideration. The Sadri case clarified the law on this issue in this district; on that basis, Plaintiffs' request for reconsideration is not improper. While Plaintiffs could have presented this argument before Sadri, they can present it much more effectively and persuasively after Sadri.[2]

## II.  CLAIMS BROUGHT UNDER 42 U.S.C. § 1983

The Court agrees with Judge Kay's analysis in Sadri, and finds that in

---

[1] While the Court recognizes Defendants' point that Sadri is in no way binding precedent for this case, Local Rule 60.1, unlike the local rules of some other districts, does not require that the intervening change in law be an intervening change in *controlling* law. Compare D. Haw. Local R. 60.1(b) with D. Kan. Rule 7.3(b) (requiring an "intervening change in controlling law" for reconsideration of non-dispositive orders) and D. V.I. Local R. Civ. P. 7.4 (requiring motions for reconsideration to be based on an "intervening change in controlling law").

[2] For the same reasons, the Court disagrees with Defendants' contention that Plaintiffs are estopped from now requesting reconsideration after arguing, in opposition to Defendants' previous motion for summary judgment, that "[t]his Coutrt's reasoning and legal analysis were correct in its Order dated 12/15/06," (Pls.' Mem. Opp. Ex. D, at 5).

order to comply with the Supreme Court's mandate in <u>Owens</u>, Plaintiffs' § 1983 claims cannot be limited because of their failure to comply with Haw. Rev. Stat. § 46-72.  This ruling will not, however, displace the Court's recent grant of summary judgment in favor of Defendants for any claims based on allegedly tortious conduct that occurred between October 27, 2003, and May 12, 2004. Plaintiffs may now assert claims of First Amendment retaliation for any of Defendants' tortious conduct that occurred between May 13, 2004, and October 27, 2005.

III.  CLAIMS BROUGHT UNDER HWPA

In addition to requesting reconsideration of the Court's limitation of its § 1983 claims, Plaintiffs also request reconsideration of the Court's limitation of its HWPA claims.  Plaintiffs contend that Haw. Rev. Stat. § 46-72 does not, on its face, apply to claims brought under the HWPA.  The Court agrees.

Haw. Rev. Stat. § 46-72 does not apply to all torts which are brought against the counties, but only to (1) personal injury torts – "injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county," and (2) negligence torts – "on account of any negligence of any official or employee of the county."  <u>See</u> Haw. Rev. Stat. § 46-

72. Claims brought under the HWPA are neither personal injury torts nor negligent torts, and are therefore not subject to Haw. Rev. Stat. § 46-72.

Plaintiffs' claims were thus improperly limited to the period between October 27, 2003 and May 12, 2004.  However, just as with the First Amendment retaliation claims, the Court's reconsideration of this matter does not affect the Court's recent order granting Defendants' summary judgment for all claims based on the October 27, 2003 to May 12, 2004 time period.  Plaintiffs will therefore now be allowed to assert claims for violations of the HWPA that occurred between May 13, 2004 and October 27, 2005.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for reconsideration.  Plaintiffs may once again assert their claims for retaliation under the First Amendment and the HWPA for the time period between May 13, 2004 and October 27, 2005.  These are now the only claims remaining in this case.  In addition, the Court recognizes Defendants' concerns that they have detrimentally relied on the Court's previous orders granting them summary judgment on these claims.  Therefore, the Court will schedule a status conference to determine the extent to which discovery should be re-opened and additional dispositive motions allowed.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: August 15, 2007

Tongson, et al. v. County of Maui, et al., Civ. No. 05-00683 BMK; ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION.