IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VERANIO S. TONGSON, JEFFREY JAVIER,  KIM S. NEMOTO, | ) ) ) ) | Civ. No. 05-00683 BMK |
| Plaintiffs, | ) ) ) | ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ON § 1983 CLAIMS, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION FOR SOLE REMAINING STATE LAW CLAIMS, AND DISMISSING CASE |
| vs. | ) ) ) | |
| COUNTY OF MAUI, DEPARTMENT OF HOUSING AND HUMAN CONCERNS; DIRECTOR ALICE LEE, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; PROGRAM SPECIALIST WENDY STEBBINS, IN HER OFFICIAL AND INDIVIDUAL CAPACITY; JOHN DOES 1-20; DOE ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS
ON § 1983 CLAIMS, DECLINING TO EXERCISE SUPPLEMENTAL
JURISDICTION FOR REMAINING STATE LAW CLAIMS, AND
DISMISSING CASE

Before the Court are three motions for summary judgment brought by

Defendants against Plaintiffs Veranio Tongson ("Tongson"), Jeffrey Javier

("Javier"), and Kim Nemoto ("Nemoto") (collectively, "Plaintiffs").  The Court

heard these motions on April 11, 2008.  After careful consideration of the motions,

the supporting and opposing memoranda, and the arguments of counsel,

Defendants' motions are hereby GRANTED IN PART as to Plaintiffs' claims for

First Amendment retaliation brought under 42 U.S.C. § 1983.  After dismissing

Plaintiffs' § 1983 claims, the only remaining claims before the Court are state law

claims brought under the Hawaii Whistleblowers' Protection Act ("HWPA"), Haw.

Rev. Stat. § 378-62.  The Court declines to exercise supplemental jurisdiction over

these remaining claims, and orders that this case be DISMISSED.

<u>FACTUAL BACKGROUND</u>

Plaintiffs Tongson, Javier, and Nemoto are employees of Maui

County.  Tongson served as the Temporary Administrator of the Grants

Management Division of the County's Department of Housing and Human

Concerns until March of 2005, when he was transferred to the Housing Division

after a sexual harassment complaint was filed against him by one of his

subordinates, Wendy Stebbins ("Stebbins").  Tongson has alleged that the sexual

harassment investigation, his transfer, and certain other actions that were taken

against him were discriminatory, and were retaliation for wrongdoing in the

department that he had exposed.

Nemoto was hired by the County as a Housing Specialist in 2000, and

assigned to the Housing Division.  Javier was hired by the County as a Housing

Inspector in early 2003.  Nemoto and Javier both claim that they were retaliated against by the County for bringing to light additional acts of wrongdoing in the department.  Throughout this time period, the Director of the Department of Housing and Human Concerns was Alice Lee ("Lee").

Tongson, Javier, and Nemoto filed this action on October 27, 2005. Tongson asserted the following claims: (1) First Amendment retaliation, against the County and Lee, in her official capacity, brought pursuant to § 1983; (2) retaliation under the HWPA, against the County and Lee, in her official capacity; (3) intentional infliction of emotional distress, against the County, Lee, in both her official and individual capacities, and against Stebbins, in both her official and individual capacities; (4) gender discrimination under Title VII, against the County; (5) breach of implied contract, against the County; (6) defamation, against Stebbins, in both her official and individual capacities; and, (7) retaliation under Title VII and Haw. Rev. Stat. § 378-2, against the County.

Javier and Nemoto both asserted claims for (1) First Amendment retaliation, against the County and Lee, in her official capacity, brought pursuant to § 1983; (2) retaliation under the HWPA, against the County and Lee, in her official capacity; and, (3) intentional infliction of emotional distress, against the County and Lee, in both her official and individual capacities.

3

In December 2006 and January 2007, the Court granted summary judgment in favor of Defendants on a number of Plaintiffs' claims. Plaintiffs' claims were narrowed to: (1) Tongson and Nemoto's First Amendment retaliation claims against the County for retaliatory acts occurring between October 27, 2003, and May 12, 2004; (2) Nemoto's First Amendment retaliation claim against Lee, in her official capacity, for retaliatory acts occurring between October 27, 2003, and May 12, 2004; (3) Tongson and Nemoto's HWPA retaliation claims against the County for retaliatory acts occurring between October 27, 2003, and May 12, 2004; (4) Nemoto's HWPA retaliation claim against Lee, in her official capacity for retaliatory acts occurring between October 27, 2003, and May 12, 2004; (5) Tongson's intentional infliction of emotional distress ("IIED") claim against Lee, in her individual capacity; (6) Tongson's IIED claim against Stebbins, in her individual capacity; (7) Nemoto's IIED claim against Lee, in her individual capacity; (8) Javier's IIED claim against Lee, in her individual capacity; and, (9) Tongson's breach of implied contract claim against the County.

On August 15, 2007, the Court granted Defendants summary judgment on all of these remaining claims. Meanwhile, however, Plaintiffs had filed a belated motion for reconsideration of the Court's December 2006 ruling, based on the application of the incorrect statute of limitations for Plaintiffs' First

4

Amendment retaliation claims as well as for their HWPA claims.  The Court

granted Plaintiffs' motion for reconsideration, and re-opened certain claims,

namely, Plaintiffs' § 1983 claims against the County for First Amendment

retaliation for adverse acts taken against them between May 13, 2004, and October

27, 2005, and their state law claims brought under the HWPA, also for

discriminatory acts taken against them between May 13, 2004, and October 27,

2005.  Defendants have now moved for summary judgment on these remaining

claims.

<u>STANDARD OF REVIEW</u>

A motion for summary judgment may not be granted unless the court

determines that there is no genuine issue of material fact, and that the undisputed

facts warrant judgment for the moving party as a matter of law.  <u>See</u> Fed. R. Civ. P.

56(c).  In assessing whether a genuine issue of material fact exists, courts must

resolve all ambiguities and draw all factual inferences in favor of the non-moving

party.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>see also</u>

<u>Cline v. Indus. Maint. Eng'g & Contracting Co.</u>, 200 F.3d 1223, 1228 (9th Cir.

2000).

In deciding a motion for summary judgment, the court's function is

not to try issues of fact, but rather, it is only to determine whether there are issues

to be tried.  <u>Anderson</u>, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.   See <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 631 (9th Cir. 1987) (summary judgment must be denied if a rational trier of fact might resolve the issue in favor of the non-moving party).  However, this evidence must be brought to the attention of the court; the court "is not required to comb the record to find some reason to deny a motion for summary judgment."  <u>Forsberg v. Pac. Northwest Bell Telephone Co.</u>, 840 F.2d 1409, 1418 (9th Cir. 1988).

<u>DISCUSSION</u>

## I.  SECTION 1983: FIRST AMENDMENT RETALIATION

Defendants argue that Plaintiffs have failed to allege any facts on which municipal liability could be found under § 1983.  Under § 1983, municipalities are only liable where the "execution of [its] policy or custom . . . inflicts the injury."  <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 697 (1978).  There are several ways for a plaintiff to demonstrate the existence of a "policy or custom."  First, a plaintiff can show that there has been an action by a municipal legislative body, or by an individual with final decisionmaking authority, such as a county prosecutor.  <u>Pembauer v. City of Cincinnati</u>, 475 U.S. 469, 480-84 (1986).

6

In addition, a plaintiff can show a policy or custom where a municipal agency or board exercises authority delegated to it by the municipal legislative body.  Monell, 436 U.S. at 661.  Finally, a plaintiff can show municipal policy by demonstrating the existence of a government policy of inadequate training or supervision by the local government, which requires a showing of "deliberate indifference."  City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

Defendants contend that Plaintiffs have failed to provide any facts on which they could prevail under any of these various theories.  Specifically, they argue that "County Charter Section 7.5 gives the Mayor the power to supervise all County departments," and that the Mayor has been determined in prior cases before this Court "to be the final policymaking authority regarding personnel decisions."  (Mem. Supp. Mot. Against Tongson 30; Mem. Supp. Mot. Against Nemoto 35; Mem. Supp. Mot. Against Javier 37). Defendants contend that because Tongson "has no evidence to show that the mayor violated his constitutional rights," he cannot prevail under § 1983.  (Mem. Supp. Mot. Against Tongson 30; Mem. Supp. Mot. Against Nemoto 35; Mem. Supp. Mot. Against Javier 37.)

In opposition, to Defendants' arguments, Plaintiffs merely refer the Court to arguments they made in their 2006 filings.  Tongson's entire argument on this topic in his 2006 opposition is as follows:

> It is undisputed that Defendant Lee, Mayor Arakawa, Andaya, and Okubo, acted under color of state law in their official capacity as administrators of Defendant County.  Defendants County and Lee deprived Plaintiff Tongson of rights secured by the U.S. and Hawaii Constitutions - First Amendments.  Defendants actions and inactions after Plaintiff Tongson engaged in protected speech constitutes unlawful retaliation in violation of 42 U.S.C. s1983.

(2006 Tongson Mem. Opp. 17.) Similarly, Nemoto and Javier's entire argument on this topic in their 2006 opposition is as follows:

> It is undisputed that Defendant Lee, Mayor Arakawa, Andaya, Okubo, Ito, and Helle acted under color of state law in their official capacity as administrators of Defendant County.  Defendants County and Lee deprived both Plaintiffs [Javier and Nemoto] of rights secured by the U.S. and Hawaii Constitutions - First Amendments.  Defendants actions and inactions after Plaintiff Tongson engaged in protected speech constitutes unlawful retaliation in violation of 42 U.S.C. s1983.

(2006 Mem. Nemoto & Javier Opp. 25.)

These are merely conclusory statements which fail to provide any facts on which Plaintiffs can show that a municipal policy or custom existed. While Plaintiffs allege that some of their protected speech was made to Mayor Arakawa, they have not pointed to any adverse actions taken against them by the mayor, or ratified by the mayor.  Plaintiffs have also failed to provide any evidence

8

that Lee, Andaya, Okubo, Helle, or Ito had final policymaking authority for personnel matters.  Finally, Plaintiffs have failed to allege some alternative theory of municipal liability, such as inadequate training, much less provide factual support for such a theory.  Accordingly, Plaintiffs have failed to provide evidence on which a reasonable jury could find a municipal policy or custom sufficient to create liability under § 1983.  Defendants' motions for summary judgment are therefore GRANTED IN PART as to Plaintiffs' First Amendment retaliation claims brought under § 1983.

## II.  HAWAII WHISTLEBLOWERS' PROTECTION ACT CLAIMS

The only remaining claims against Defendants are Plaintiffs' state law claims brought under the Hawaii Whistleblowers' Protection Act ("HWPA"), Haw. Rev. Stat. § 378-62.  The Court declines to exercise supplemental jurisdiction over these claims.

District courts are authorized to exercise supplemental jurisdiction over state law claims which "are so related to claims" over which they have original jurisdiction "that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  District courts may decline to exercise such supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,

>    (2) the claim substantially predominates over the claim or claims over
>         which the district court has original jurisdiction
>
>    (3) the district court has dismissed all claims over which it has
>         original jurisdiction, or
>
>    (4) in exceptional circumstance, there are other compelling reasons for
>         declining jurisdiction.

28 U.S.C. § 1367(c).  Supplemental jurisdiction is a doctrine of discretion, not of a

plaintiff's right.  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172

(1997); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  In

declining to exercise supplemental jurisdiction, "a district court must undertake a

case-specific analysis to determine whether declining supplemental jurisdiction

comports with the underlying objective of most sensibly accommodating the values

of economy, convenience, fairness, and comity."  Bahrampour v. Lampert, 356

F.3d 969, 978 (9th Cir. 2004) (internal quotations and alterations omitted).

Generally, when "the federal claims are dismissed before trial, even

though not insubstantial in a jurisdictional sense, the state claims should be

dismissed as well."  Gibbs, 383 U.S. at 726.  Although the Supreme Court has

stated that such a dismissal is not "a mandatory rule to be applied inflexibly in all

cases," it has also recognized that, "in the usual case in which all federal-law

claims are eliminated before trial, the balance of factors to be considered under the

pendent jurisdiction doctrine . . . will point toward declining to exercise

10

jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v.

Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, the Court declines to exercise supplemental jurisdiction over

Plaintiffs' state law claims because it has now dismissed all claims over which it

had original jurisdiction.   In addition, Defendants' motions for summary judgment

raise novel issues of state law that would require this Court to construe certain

portions of the HWPA that have not yet been addressed by Hawaii state courts.

For example, Defendants request summary judgment against Nemoto on the

ground that she cannot have a cause of action under the HWPA for reporting

wrongdoing because Nemoto's job itself "placed [her] in a special position to

identify the errors and bring them to the attention of her supervisors."  (Mem.

Supp. Mot. Against Nemoto 27.)  Whether this would constitute "reporting" is an

issue that has not yet been addressed by Hawaii courts.  See Tokashiki v. Freitas,

110 Hawaii 283, at *7 (2006) (intentionally not deciding whether "regular job

duties" can include activities protected under the HWPA).

Similarly, much of Javier's "reporting" was done to Milton Ito, the

very person that Javier alleges to have been violating laws and rules.  The Hawaii

courts have not yet ruled on whether a "report" under the HWPA must be made to

a third party, or whether an employee can "report" a wrongdoer's conduct to the wrongdoer himself.

Finally, additional compelling reasons exist for declining jurisdiction in light of the distance between Maui and O'ahu, and the large number of Maui witnesses that will need to travel to O'ahu if this case were to proceed to trial. Many of these witnesses are Maui County employees, performing important government functions.  It will be much more burdensome for these individuals to travel to O'ahu by air or sea than it would be for them to participate in a state court trial on Maui.

While the Court recognizes that judicial economy may not be best served by dismissing this case, the interests of comity, fairness, and convenience most certainly will be served, and outweigh the interest of judicial economy. Accordingly, the Court declines to exercise supplemental jurisdiction over the only remaining claims, brought under the HWPA, and hereby orders that this case be DISMISSED.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motions are hereby GRANTED IN PART as to Plaintiffs' claims for First Amendment retaliation brought under 28 U.S.C. § 1983.  The Court declines to exercise supplemental

jurisdiction over the remaining state law claims, and orders that this case be

DISMISSED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 17, 2008